### ROBERT MITCHELL v. THE STATE.

#### No. 1554. Decided November 17, 1897.

**1. Fornication—Charge of Court.**

Where an information for fornication charged the offense as habitual carnal intercourse without the living together of the parties, it was necessary to prove the offense as alleged; and the court, in defining the offense, and in applying the law to the facts, should have included the element of "not living together" in the charge.

**2. Same—Accomplice Testimony—Requested Instruction.**

On a trial for fornication, where one of the parties testified on the trial, a charge that the defendant could not be convicted upon the unsupported evidence of the accomplice, was insufficient. The court should have instructed the jury that before they could convict defendant it must appear that the accomplice was corroborated by other testimony. And should also have defined to the jury the nature of the corroborative testimony required, and especially so, where the charge, as given, was excepted to and a special instruction properly presenting that issue was requested.

APPEAL from the County Court of Brazos. Tried below before Hon. W. H. HARMAN, County Judge.

Appeal from a conviction for fornication; penalty, a fine of $50. The charging part of the information was, "that one Robert Mitchell, an unmarried man, on the 24th day of December, in the year of our Lord, one thousand eight hundred and ninety-six, with force and arms, in the county and State aforesaid, did then and there unlawfully have habitual carnal intercourse with Leah Sinyard, an unmarried woman, without living together," etc.

The prosecutrix, Leah Sinyard, testified for the State to numberless acts of carnal intercourse with defendant. Lizzie Calhoun testified, that on two occasions when she was sleeping with Leah Sinyard in a shed room defendant came there and she got up from the bed and gave her place to defendant. She also testified, that on one occasion when she was returning from church with these parties they had carnal intercourse on the side of the road, and she was right at them and took a seat and waited and watched them through until they finished.

In the charge given by the court the following portions, designated as 1, 2, 3, and 4, were excepted to, to wit: 1. "I charge you that our statutes define fornication as applicable to this case to be the habitual carnal

intercourse with each other of a man and woman when neither is lawfully married to some other person." 2. "The gist of the offense in this case, as charged, is that the parties had habitual carnal intercourse with each other; that such intercourse was habitual." 3. "A single act of inter·course would not be sufficient to warrant a conviction. The jury must determine from all the facts in the case whether the carnal intercourse was habitual." 4. "You are further instructed, that the defendant in this case can not be convicted on the unsupported evidence of the accomplice, Leah Sinyard."

Defendant requested the following instruction, which the court refused to give, viz: "A conviction can not be had upon the testimony of an accomplice unless corroborated by other testimony tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice, as the word is here used, means anyone connected with the crime committed, either as a principal offender, as an accomplice, as an accessory, or otherwise."

*Hudson & Nall*, for appellant.—The charge of the court (number one) above does not use nor follow the statutory words used in the statute in defining the offense charged in the information, viz: "without living together," and the omission is not elsewhere supplied in the charge. Penal Code, art. 337; Code Crim. Proc., art. 667; Jones v. State, 29 Texas Crim. App., 347; Bird v. State, 27 Texas Crim. App., 635; Mitten & Hamilton v. State, 24 Crim. App., 346; Thomas & Muckleroy v. State, 28 Texas Crim. App., 300; Randle v. State, 12 Texas Crim. App., 250; Burns v. State, 12 Texas Crim. App., 394; Powell v. State, 12 Texas Crim. App., 238; Smith v. State, 1 Texas Crim. App., 517; Cady v. State, 4 Texas Crim. App., 238; Lindley v. State, 8 Texas Crim. App., 445.

The court by charge number 2 limits the inquiry of the jury to the fact of habitual intercourse alone, and does not in this connection set out the other statutory ingredients of the offense. That is, that they must further find not only that the intercourse was habitual, but that the parties were each unmarried and that they did not live together. We respectfully submit that this charge as given was calculated to mislead the jury and induce them to believe that they were authorized to convict the defendant upon proof of habitual carnal intercourse alone. Code Crim. Proc., arts. 667, 668; Mitten & Hamilton v. State, 24 Texas Crim. App., 346; Parks v. State, 3 Texas Crim. App., 337; Wells & Thompson v. State, 9 Texas Crim. App., 160.

The court charged the jury as follows: "A single act of intercourse would not be sufficient to warrant a conviction. The jury must determine from all the facts in the case whether the carnal intercourse was habitual." The jury might reasonably infer from this charge that, in the opinion of the court, while they would not be warranted in convicting the defendant upon proof of a single act of carnal intercourse, they might do so upon proof of two such acts, and any number of such acts

exceeding one would be sufficient to warrant a conviction. Penal Code, art. 10; Code Crim. Proc., art. 59; Collum v. State, 10 Texas Crim. App., 708.

The court charged the jury as follows: "You are further instructed, that the defendant in this case can not be convicted on the unsupported evidence of the accomplice, Leah Sinyard." Said charge fails to instruct the jury "clearly and fully" as to what will constitute an accomplice and to what extent such accomplice shall be corroborated in order to warrant a conviction on such testimony, and fails to state which Leah Sinyard was an accomplice, there being two State's witnesses by that name who testified against defendant on the trial of this case. Penal Code, art. 335; Code Crim. Proc., art. 741; Hamilton v. State, 26 Texas Crim. App., 206; Anderson v. State, 20 Texas Crim. App., 312; Wills. Crim. Forms, No. 714a; Watson v. State, 9 Texas Crim. App., 237; Irvin v. State, 1 Texas Crim. App., 301; House v. State, 16 Texas Crim. App., 25; Winn v. State, 15 Texas Crim. App., 169; Harrison v. State, 17 Texas Crim. App., 442; Phillips v. State, 17 Texas Crim. App., 169; Blakley v. State, 24 Texas Crim. App., 616; Howell v. State, 16 Texas Crim. App., 93; Dunn v. State, 15 Texas Crim. App., 560; Ortis v. State, 18 Texas Crim. App., 282; Stone v. State, 22 Texas Crim. App., 185.

The court erred in refusing to give the following special charge asked by defendant, to wit: "A conviction can not be had upon the testimony of an accomplice unless corroborated by other testimony tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice, as the word is here used, means any one connected with the crime committed, either as a principal offender, as an accomplice, as an accessory, or otherwise."

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of fornication, and his punishment assessed at a fine of $50; hence this appeal.

There are but two assignments of error that require consideration: First, the failure of the court to instruct the jury that they must find that the appellant and the prosecutrix were not living together; and second, the failure of the court to give the proper charge on accomplice testimony.

We have examined the charge of the court in the above respects, and find that the court entirely omitted, both in his definition of the offense and in his charge to the jury, to instruct them, as an ingredient of the offense, to find that the parties were not at the time living together. The information contained an allegation to the above effect. It was necessary to be proved as alleged, and the court, in defining the offense, and in applying the law to the facts of the case, should have included this element in his charge.

On accomplice testimony, the court gave only this charge: "You are further instructed, that the defendant in this case can not be convicted on the unsupported evidence of the accomplice, Leah Sinyard." Appellant reserved an exception to this charge, and requested one in writing, submitting an appropriate instruction on this subject. This charge was refused by the court, and appellant again excepted. The court might, under the evidence, well assume that Leah Sinyard, who testified that the acts of fornication were committed by defendant with her, was the accomplice alluded to, although there was another Leah Sinyard who testified in the case; but the vice in the charge was the failure of the court to properly define to the jury the character of corroboration, and that they must find, before they could convict the appellant, that the accomplice was corroborated by other testimony, and should have also defined to the jury the nature of the corroborative testimony required. This was not done by the charge given by the court, and the requested charge should have been given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.